UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN MICHAEL LASPISA,

                          Plaintiff,

v.                                                              19-CV-0228
                                                                (GTS/DJS)
CITIFINANCIAL CO.; and CARRINGTON MORTG.
SERVS.,

                          Defendants.
_____

APPEARANCES:                                            OF COUNSEL:

JOHN MICHAEL LASPISA
   Plaintiff, *Pro Se*
166 Ballston Ave
Ballston Spa, NY 12020

AKERMAN LLP                                             ASHLEY S. MILLER, ESQ.
   Counsel for Defendant Carrington
666 Fifth Avenue, 20th Floor
New York, NY 10103

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently pending before the Court, in this foreclosure action filed by John M. LaSpisa ("Plaintiff") against the CitiFinancial Company ("Defendant CitiFinancial") and Carrington Mortgage Services ("Defendant Carrington"), is Defendant Carrington's motion to dismiss Plaintiff's Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and/or for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  (Dkt. Nos. 13, 19, 20.)[1]  For the reasons set forth below, Defendant Carrington's motion to dismiss is granted,

---

[1]        The Court notes that, because Plaintiff (through filing an Amended Complaint)

Plaintiff's claims against Defendant Carrington are dismissed, and Plaintiff's remaining claims against Defendant CitiFinancial are *sua sponte* dismissed for frivolousness and lack of subject-matter jurisdiction.

## I. RELEVANT BACKGROUND

### A. Relevant Procedural History

Before filing his original Complaint in this action, Plaintiff filed two actions appearing to arise from the transactions or occurrences giving rise to this action, and both of those actions were dismissed with prejudice. *See Lapisa v. CitiFinancial Co.*, 17-CV-0556, Judgment (N.D.N.Y. filed Oct. 11, 2017); *Lapisa v. Carrington Mortg. Servs.*, 18-CV-0211, Judgment (N.D.N.Y. filed Aug. 22, 2018).

On February 19, 2019, Plaintiff filed his original Complaint in this action.  (Dkt. No. 1.)  On September 5, 2019, Plaintiff served his Complaint on Defendant Carrington.  (Dkt. No. 12.)  On October 21, 2019, Defendant Carrington filed and served its motion to dismiss.  (Dkt. No. 13.)  On April 13, 2020 (without Defendant Carrington's written consent), Plaintiff filed an Amended Complaint.  (Dkt. No. 17.)

On April 15, 2020, the Court entered a Text Order accepting Plaintiff's Amended Complaint for filing.  (Dkt. No. 18.)  Later that day, the Court entered another Text Order, which granted Defendant Carrington's letter-motion requesting that the Court consider Defendant Carrington's pending motion to dismiss as responsive to Plaintiff's Amended Complaint.  (Dkt. No. 19.)

---

abandoned his claims against Doe Defendants 1-21 (which were asserted in his original Complaint), the Clerk of the Court has properly designated those Defendants as "terminated."

2

### B. Summary of Plaintiff's Amended Complaint

Generally, liberally construed, Plaintiff's Amended Complaint alleges that, between 2008 and the date of the Amended Complaint, Defendants injured Plaintiff by lacking standing to foreclose on his mortgage, separating his note from his mortgage, and failing to give Plaintiff the requisite notices under the note and mortgage. (*See generally* Dkt. No. 17 [Plf.'s Am. Compl.].) Based on these factual allegations, Plaintiff's Amended Complaint asserts claims of breach of contract, negligence and fraud. (*Id*.) Familiarity with the factual allegations supporting these claims in Plaintiff's Amended Complaint is assumed in this Decision and Order, which is intended primarily for the review of the parties. (*Id*.)

### C. Parties' Briefing on Defendant Carrington's Motion to Dismiss

Generally, in support of its motion to dismiss, Defendant Carrington asserts the following ten arguments: (1) the doctrine of res judicata bars Plaintiff's claims because he previously asserted the exact same claims against Defendants in actions that were subsequently dismissed, and New York courts have repeatedly found that a judgment of foreclosure and sale is a final decision for purposes of res judicata; (2) the Court does not possess subject-matter jurisdiction over this action because the *Rooker-Feldman* doctrine bars a losing party harmed by a state court judgment from inviting federal court review of a previous judgment; (3) Plaintiff fails to plead facts plausibly suggesting that Defendant Carrington was involved in either the foreclosure action or the mortgage, or that it noticed sale of the property; (4) Plaintiff's claims are not ripe because they are contingent on a future event (i.e., Wilmington Savings conducting a foreclosure sale); (5) Plaintiff fails to state a claim to quiet title because he fails to allege facts plausibly suggesting that he has actual or constructive possession of the property and that the mortgage is

---

(*Compare* Dkt. No. 1 *with* Dkt. No. 17.)

invalid; (6) Plaintiff fails to state a claim for fraud because he fails to allege with sufficient particularity facts plausibly suggesting a fraudulent statement made by Defendant Carrington; (7) Plaintiff fails to state a negligence claim because he does not allege facts plausibly suggesting that Defendant Carrington owed him a duty of care, that Defendant Carrington breached its duty, or that he was damaged by Defendant Carrington's breach of duty; (8) Plaintiff fails to state a constitutional claim against Defendant Carrington because he has failed to allege facts plausibly suggesting how any of Defendant Carrington's actions constituted state action; (9) Plaintiff is not entitled to a preliminary injunction as a matter of law because the fact that he has not stated a claim (and/or his claims are barred) means he cannot establish a likelihood of success on the merits; and (10) an extension of time for Defendant Carrington to respond to Plaintiff's Complaint is warranted under Fed. R. Civ. P. 6(b)(1)(B) because Defendant Carrington was under the belief that service in this action was ineffective and subject to dismissal, its delay was minimal, and Plaintiff cannot show any prejudice from that delay.  (*See generally* Dkt. No. 19; Dkt. No. 13-25 [Def.'s Memo. of Law].)

Other than by filing an Amended Complaint, Plaintiff has not responded to Defendant Carrington's motion despite having been repeatedly advised of the deadline for filing such a response, the duty to notify the Court if he would not be filing a response, and the potential consequence of failing to oppose a movant's legal arguments.  (Text Notice filed Oct. 22, 2019; Dkt. No. 15; Dkt. No. 3, at 2 [notifying Plaintiff of potential consequence of failing to oppose a movant's legal arguments, and attaching courtesy copy of Local Rule 7.1[b][3] and page 29 of the District's *Pro Se* Handbook].)

## II.     RELEVANT LEGAL STANDARDS

### A.     Legal Standard Governing a Motion to Dismiss for Failure to State a Claim

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim.  *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211 nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J.) (adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, some elaboration regarding that ground is appropriate.   Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2) [emphasis added].   In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal."   *Jackson*, 549 F. Supp. 2d at 212 n.20 (citing Supreme Court case).   On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests."   *Jackson*, 549 F. Supp. 2d at 212 n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp. 2d at 212 n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp. 2d at 213 n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a

6

plausible level],» assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (internal quotation marks and citations omitted). However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S. Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

This pleading standard applies even to *pro se* litigants. While the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form

of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12.[2] Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.[3] Stated more simply, when a plaintiff is proceeding *pro se*, "all normal rules of pleading are not absolutely suspended." *Jackson*, 549 F. Supp.2d at 214, n.28 [citations omitted].

Moreover, although a district court may not *sua sponte* dismiss a *pro se* plaintiff's complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) where (as here) that *pro se* plaintiff is neither a prisoner nor proceeding *in forma pauperis*, a district court may always *sua sponte* dismiss a *pro se* plaintiff's complaint based on frivolousness. *See, e.g., Fitzgerald v. First E. Seventh St. Tenants Corp.,* 221 F.3d 362, 363 (2d Cir.2000) (recognizing that district court has power to *sua sponte* dismiss *pro se* complaint based on frivolousness notwithstanding fact that plaintiff has paid statutory filing fee).

Turning to the subject of what documents are considered when a dismissal for failure to state a claim is contemplated, generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that,

---

[2]  *Vega v. Artus,* 610 F. Supp.2d 185, 196 & nn.8-9 (N.D.N.Y. 2009) (Suddaby, J.) [citing cases].

[3]  *Vega,* 610 F. Supp.2d at 196 & nn.8-9.

although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[4]

Finally, it is worth noting that the pleading defects resulting from the doctrine of res judicata arises under Fed. R. Civ. P. 12(b)(6), not Fed. R. Civ. P. 12(b)(1).  *See Thompson v. Cnty. of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994) ("[T]he doctrine of res judicata or issue preclusion in no way implicates jurisdiction.   Res judicata challenges may properly be raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6)."); *Calemine v. Gesell*, 06-CV-4736, 2007 WL 2973708, at *1 n.1 (E.D.N.Y. Sept. 28, 2007) ("Though Defendants

---

[4]   *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint . . . . Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint . . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

move pursuant to Rule 12(b)(1) and 12(b)(6) for failure to state a claim, the grounds for their motion, res judicata and statute of limitations, are both properly considered under Rule 12(b)(6).").

### B. Legal Standard Governing a Motion to Dismiss for Lack of Subject-Matter Jurisdiction

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Generally, a claim may be properly dismissed for lack of subject-matter jurisdiction where a district court lacks constitutional or statutory authority to adjudicate it. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A district court may look to evidence outside of the pleadings when resolving a motion to dismiss for lack of subject-matter jurisdiction. *Makarova*, 201 F.3d at 113. The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence. *Id.* (citing *Malik v. Meissner*, 82 F.3d 560, 562 [2d Cir. 1996]). When a court evaluates a motion to dismiss for lack of subject-matter jurisdiction, all ambiguities must be resovled and inferences drawn in favor of the plaintiff. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Makarova*, 201 F.3d at 113).

Finally, it is important to remember that the Court can, under any circumstances, *sua sponte* dismiss a claim for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss that action.").

## III. ANALYSIS

### A. Analysis of Defendant Carrington's Motion to Dismiss

The Court begins its analysis of Defendant Carrington's motion to dismiss by observing

that, in this District, when a non-movant has willfully failed to respond to a movant's properly filed and facially meritorious memorandum of law (submitted in support of its motion to dismiss), the non-movant is deemed to have "consented" to the legal arguments contained in that memorandum of law under Local Rule 7.1(b)(3).[5]  Stated another way, where a movant has properly filed a memorandum of law (in support of a properly filed motion to dismiss), and the non-movant has failed to respond to that memorandum of law, the only remaining issue is whether the legal arguments advanced in the movant's memorandum of law are *facially meritorious*.[6]  A movant's burden in making legal arguments that are facially meritorious has appropriately been characterized as "modest."[7]

---

[5]  *See*, *e.g.*, *Beers v. GMC*, 97-CV-0482, 1999 U.S. Dist. LEXIS 12285, at *27-31 (N.D.N.Y. March 17, 1999) (McCurn, J.) (deeming plaintiff's failure, in his opposition papers, to oppose several arguments by defendants in their motion for summary judgment as consent by plaintiff to the granting of summary judgment for defendants with regard to the claims that the arguments regarded, under Local Rule 7.1[b][3]; *Devito v. Smithkline Beecham Corp.*, 02-CV-0745, 2004 WL 3691343, at *3 (N.D.N.Y. Nov. 29, 2004) (McCurn, J.) (deeming plaintiff's failure to respond to "aspect" of defendant's motion to exclude expert testimony as "a concession by plaintiff that the court should exclude [the expert's] testimony" on that ground).

[6]  *Hernandez v. Nash*, 00-CV-1564, 2003 U.S. Dist. LEXIS 16258, at *7-8 (N.D.N.Y. Sept. 10, 2003) (Sharpe, M.J.) [citations omitted]; *accord*, *Topliff v. Wal-Mart Stores East LP*, 04-CV-0297, 2007 U.S. Dist. LEXIS 20533, at *28 & n.43 (N.D.N.Y. March 22, 2007) (Lowe, M.J.); *Sledge v. Kooi*, 04-CV-1311, 2007 U.S. Dist. LEXIS 26583, at *28-29 & n.40 (N.D.N.Y. Feb. 12, 2007), *adopted by* 2007 U.S. Dist. LEXIS 22458 (N.D.N.Y. March 28, 2007) (McAvoy, J.); *Kele v. Pelkey*, 03-CV-0170, 2006 U.S. Dist. LEXIS 95065, at *5 & n.2 (N.D.N.Y. Dec. 19, 2006), *adopted by* 2007 U.S. Dist. LEXIS 4336 (N.D.N.Y. Jan. 22, 2007) (Kahn, J.).

[7]  *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause is shown."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1 n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (citing cases that stand for the proposition that, where plaintiffs do not respond to defendants' argument made in their summary judgment motion, plaintiffs are deemed to have consented to defendants' argument, and thus defendants must only satisfy their "modest threshold burden" of demonstrating entitlement to the relief requested in their motion for summary judgment); *accord, Cossey v. David,* 04-CV-1501, 2007 WL 3171819,

Here, the Court finds that Defendant Carrington has met this modest burden, for the reasons stated in its memorandum of law. (Dkt. No. 13-25.) In any event, even if the Court were to subject Defendant Carrington's motion to the level of scrutiny appropriate for contested motions, the Court would find that Defendant Carrington's motion is supported by a showing of cause. To those reasons, the Court adds only the following two points, which are intended to supplement (and not supplant) the reasons for dismissal offered by Defendant Carrington.

First, "[a] dismissal with prejudice has the effect of a final adjudication on the merits favorable to defendant and bars future suits brought by plaintiff upon the same cause of action." *Samuels v. N. Telecom, Inc.*, 942 F.2d 834, 836 (2d Cir. 1991) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 60 [2d Cir. 1986]). "Such a dismissal constitutes a final judgment with the preclusive effect of 'res judicata not only as to all matters litigated and decided by it, but as to all relevant issues which could have been but were not raised and litigated in the suit.'" *Nemaizer*, 793 F.2d at 60 (quoting *Heiser v. Woodruff*, 327 U.S. 726, 735 [1946]). "Res judicata acts as a bar 'not only as to what was pleaded, but also as to what could have been pleaded.'" *Magi XXI, Inc. v. Stato Della Città Del Vaticano*, 22 F. Supp. 3d 195, 201 (E.D.N.Y. 2014) (quoting *In re Teltronics Servs., Inc.*, 762 F.2d 185, 193 [2d Cir. 1985[). "It must first be determined that the second suit involves the same 'claim'--or 'nucleus of operative fact'--as the first suit." *Interoceania Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 90 (2d Cir. 1997). Before Plaintiff filed

---

at \*4 & nn. 21, 22 (N.D.N.Y. Oct. 29, 2007) (Lowe, M.J. adopted by Scullin, J.) (collecting cases); *Niles v. Nelson*, 72 F. Supp.2d 13 (N.D.N.Y. 1999) (McAvoy, J.) (holding that, when a party does not respond to a portion of the opposing party's motion, they indicate that they consent to the granting of summary judgment with respect to that portion of the motion or have abandoned the claim); *cf. Di Giovanna v. Beth Isr. Med. Ctr.*, 08-CV-2750, 2009 WL 2870880, at \*10 n.108 (S.D.N.Y. Sept. 8, 2009) (citing cases for proposition that plaintiff's failure to respond to argument made in summary judgment motion as to why certain claim should be dismissed constitutes abandonment of claim).

his Complaint in this action, U.S. Magistrate Judge Daniel J. Stewart provided the Court (in Action No. 18-CV-0211) with a Report-Recommendation (Dkt. No. 13-16) that recommended dismissal *with prejudice* of a complaint filed by Plaintiff, and the Court accepted and adopted that Report-Recommendation in its entirety.[8]  (Dkt. No. 13-17 [emphasis added].)

In this action, Plaintiff's Amended Complaint contains not only the same claims, but the same factual allegations, as his previously dismissed complaint.  (*Compare* Dkt. No. 17 *with* Dkt. No. 13-15.)  Plaintiff merely adds what he believes is a specific allegation of "a cloud on all title activity."  (*Id.*)  Specifically, Plaintiff alleges that a "cloud of title" exists because of the "divergent paths taken by both the mortgage note and by the deed of trust."  (Dkt. No. 17, at 4-5.)  However, Plaintiff fails to show how the factual allegations giving rise to his claims in this action differ from those giving rise to the claims in his previously dismissed complaint.  Therefore, the Court finds that Plaintiff's current factual allegations do not give rise to a different claim for purposes of the doctrine of res judicata.

Second, some analysis is appropriate regarding the Court's lack of subject-matter jurisdiction over Plaintiff's claims against Defendant Carrington.  With regard to Plaintiff's invocation of diversity jurisdiction, "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original).  "An individual's citizenship, within the meaning

---

[8] It warrants noting that, where a district court does not specify whether its dismissal of an action for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is with or without prejudice, it is presumed that the dismissal is with prejudice.  *See Shockley v. Vermont State Colleges,* 793 F.2d 478, 481 (2d Cir.1986) (citing case for proposition that a "court may presume an adjudication on the merits where district court fails to specify otherwise").  As one judge has noted, "There is an obvious logic to this result: if, in analyzing [an] . . . issue, a federal court concludes that there is no legal possibility for a plaintiff to state a particular claim against a defendant, it would make little sense and would result in a waste of judicial resources to permit the plaintiff to try again . . .

of the diversity statute, is determined by his domicile . . . [in other words] the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 53 (2d Cir. 2019) (quoting *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 [2000]). "For purposes of diversity jurisdiction, the relevant domicile is the parties' domicile at the time the complaint was filed." *Van Buskirk*, 935 F.3d at 53. For diversity purposes, a corporation is considered to a citizen of the State of its incorporation, and the State where it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 88 (2010).

In his Amended Complaint, Plaintiff alleges that Defendant Carrington is incorporated in, and has its principal place of business in, the State of New York (the same state of which he alleges that he is a citizen). (Dkt. No. 17, at 1, 3, 4.) Because Plaintiff and Defendant are now alleged to be citizens of the same state, there is no longer complete diversity between the parties.

With regard to Plaintiff's invocation of federal question jurisdiction, although his Amended Complaint checks a box alleging that the Court possesses federal question jurisdiction over Plaintiff's claims, the Amended Complaint does not list any federal statutes, federal treaties, and/or Constitutional provisions that confer such jurisdiction; nor does it allege any facts plausibly invoking those authorities. (*See generally* Dkt. No. 17, at 3-6.)

For all of these reasons (including those stated in Defendant Carrington's memorandum of law), the Court finds that Plaintiff's current claims against Defendant Carrington must be dismissed.

    **B.**    *Sua Sponte* **Analysis of Plaintiff's Claims Against Defendant CitiFinancial**

Granted, no motion to dismiss has been filed by Defendant CitiFinancial. (*See generally*

---

." *Winters v. Alza Corp.,* 690 F.Supp.2d 350, 357 (S.D.N.Y.2010).

Docket Sheet.) However, as stated above in Part II.A. of this Decision and Order, the Court may *sua sponte* analyze and dismiss a *pro se* plaintiff's claims for frivolousness. Moreover, as stated above in Part II.B. of this Decision and Order, the Court may (and, indeed, has a duty to) *sua sponte* analyze and dismiss any claims for lack of subject-matter jurisdiction.

Here, the Court finds that the defects asserted by Defendant Carrington with regard to Plaintiff's claims against it also plague Plaintiff's claims against Defendant CitiFinancial. Moreover, the Court finds that those defects are so substantive, numerous and flagrant as to render Plaintiff's claims against Defendant CitiFinancial frivolous. Finally, the Court finds, in the alternative, that the defects deprive the Court of subject-matter jurisdiction over Plaintiff's claims against Defendant CitiFinancial. As a result, the Court finds that those claims may be, and must be, dismissed *sua sponte*.

### C. Nature of Dismissal

Some discussion is appropriate regarding the nature of the dismissal of this action. As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993) (citations omitted).[9] "[A]n opportunity to

---

[9] *Accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.") (citation omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial not abuse of discretion where amendment would be futile); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.") (citation omitted); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990) ("[W]here . . . there is no merit in the proposed amendments, leave to amend should be denied"). The Court notes that two Second Circuit cases exist reciting the standard as being that the Court should grant leave to

amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile." *Sorrentino v. Barr Labs. Inc.*, 09-CV-0591, 2010 WL 2026135, at *5 (May 20, 2010 N.D.N.Y.) (Suddaby, C.J.). It should be noted that this rule applies even to *pro se* plaintiffs. *See, e.g., Cuoco v. Moritsugu*, 222 F.3d 99, 103 (2d Cir. 2000); *Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.). As explained above in Part II of this Decision and Order, while the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12; rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.

Here, the Court finds that the above-described defects in Plaintiff's Amended Complaint (which were not cured through prior amendment) are substantive in nature, such that better pleading would not cure them. For this reason, the Court finds that Plaintiff's claims in this action should be dismissed without affording him another opportunity to amend them.

---

amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Gomez v. USAA Federal Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The problem with these cases is that their "rule out any possibility, however likely it might be" standard is rooted in the "unless it appears beyond doubt" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), which was "retire[d]" by the Supreme Court in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *See Gomez v. USAA Federal Sav. Bank*, 171 F.3d 794, 796 (relying on *Branum v. Clark*, 927 F.2d 698, 705 [2d Cir. 1991], which relied on *Conley v. Gibson*, 355 U.S. 41, 45-46 [1957]). Thus, this standard does not appear to be an accurate reflection of the leave to amend guidelines under the current "plausibility standard." *Aschfroft*

16

**ACCORDINGLY**, it is

**ORDERED** that Defendant Carrington's motion to dismiss (Dkt. No. 13) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's claims against Defendant Carrington in his Amended Complaint (Dkt. No. 17) are **DISMISSED** and it is further

**ORDERED** that Plaintiff's claims against Defendant CitiFinancial in his Amended Complaint (Dkt. No. 17) are *sua sponte* **DISMISSED**.

Dated:  April 30, 2020
       Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

*v. Iqbal*, 556 U.S. 662 (2009).